IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EDUARDO HOLGUIN, <br> Plaintiff, | § § § | |
| v. | § § | EP-21-CV-67-DB |
| YSLETA DEL SUR PUEBLO, et al., <br> Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

On March 15, 2021, Defendants Ysleta Del Sur Pueblo, Tigua Tribal Police Department, Erika Avila, Raul Candelaria, and Officers John and Jane Doe (collectively, "Defendants") filed a Notice of Removal bringing the above-captioned case into this Court. ECF No. 1. On April 5, 2021, Plaintiff Eduardo Holguin ("Plaintiff") filed a "Motion to Remand" ("Motion"), ECF No. 5, requesting that this Court remand the case to state court, and on April 12, 2021, Defendants filed a Response, ECF No. 7, reflecting opposition to the Motion. After due consideration, Plaintiff's Motion will be denied.

## LEGAL STANDARD

Defendants may remove a case from state to federal district court whenever the case satisfies the requirements for the district court's original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction over a case arising under federal law. 28 U.S.C. § 1331; *see also City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163 (1997) (noting that a case arises under federal law when "the plaintiff's well-pleaded complaint raises issues of federal law"). A plaintiff may challenge an improper removal by filing a motion to remand under 28 U.S.C. § 1447. "On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713

F.3d 208, 212 (5th Cir. 2013) (internal quotation marks and citations omitted). Further, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

When presenting arguments to the Court, the Federal Rules of Civil Procedure require that "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The requirement is violated by a party's act of "filing complaints replete with obviously deficient claims." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 614 Fed. Appx. 705, 709 (5th Cir. 2015). Failure to adhere to the requirement may lead to sanctions including attorneys' fees. *See* Fed. R. Civ. Proc. 11(c); *see also Marceaux*, 614 Fed. Appx. at 709 (finding such violation a "sufficient basis for sanctions").

## ANALYSIS

Defendants' Notice of Removal was timely filed in this court. Notice of Removal, ECF No. 1. Defendants argued that the case could be removed because this Court has original jurisdiction over the case under 28 U.S.C. § 1331. *Id.* ¶ 2. Such jurisdiction exists if Plaintiff's complaint "raises questions of federal law." *Int'l Coll. Of Surgeons*, 522 U.S. at 163. As correctly noted by Defendants, Plaintiff "alleges that Defendants violated 42 U.S.C. § 1983 for actions taken under color of tribal and state law." *Id.*; *see also* Original Pet. 4, 6–10, ECF No. 1-1 (listing multiple causes of action arising under 42 U.S.C. § 1983). And, as stated by the Supreme Court, 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws

of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotations omitted). Thus, a case arising under 42 U.S.C. § 1983 is clearly one arising under federal law for the purposes of 28 U.S.C. § 1331. Since this court has original jurisdiction over the case, Defendants' removal of the case from state court is proper. 28 U.S.C. §§ 1331, 1441(a).

Plaintiff effectively concedes this argument, stating in his motion that "[s]tate as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983." Mot. ¶ 12, ECF No. 5. The Court agrees with Defendants' assertion that "[Plaintiff's] admission should end the Court's inquiry." Resp. ¶¶ 5–6, ECF No. 7.

Plaintiff nonetheless argues that remand is necessary because the state court has jurisdiction over this case. Mot. ¶¶ 12–15, ECF No. 5. However, the jurisdiction of the state court is irrelevant to this Court's jurisdiction. The federal removal statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The Fifth Circuit, reading these words, has stated that "all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts are removable." *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982).

The Court further agrees with Defendants that the Motion "is frivolous and without merit." Resp. ¶ 4, ECF No. 7. Plaintiff's arguments for remand have little to no basis in law. *See* Mot. ¶ 12–15, ECF No. 5. Concurrent jurisdiction, as already noted, is irrelevant to the determination of this Court's jurisdiction. *Baldwin*, 667 F.2d at 460; *see also* Mot. ¶¶ 12–14, ECF No. 5; Resp. ¶¶ 7–8, 12, ECF No. 7. Jurisdiction over criminal conduct, whether possessed by a state or any other entity, is also entirely irrelevant to this court's civil jurisdiction. *See, e.g.,*

*Douglass v. Nippon Yusen Kabushiki Kaisha*, 465 F. Supp. 3d 610, 624 (E.D. La. 2020) (finding United States's criminal jurisdiction "irrelevant" to the Court's jurisdiction over a civil claim); Mot. ¶¶ 5, 14–15, ECF No. 5; Resp. ¶¶ 13–14, ECF No. 7. Plaintiff's claim that he "has only alleged state causes of action" is false, as his claims clearly arise under federal law. *See supra* at 2–3; Mot. ¶¶ 5, 14–15, ECF No. 5.

Finally, Plaintiff's assertions that Defendants "consent[ed] to be sued in Texas courts," Mot. ¶ 15, ECF No. 5, whether intended as an argument about the state's jurisdiction or about sovereign immunity, have no bearing on this Court's removal jurisdiction. Again, the state's concurrent jurisdiction does not deprive this Court of its jurisdiction. *See supra* at 2–3. Further, while such consent is potentially relevant to an argument about sovereign immunity, it has no bearing on this Court's removal jurisdiction. Sovereign immunity may later act to destroy a court's subject-matter jurisdiction but will not deprive a court of removal jurisdiction, which exists whenever "a federal court would have original jurisdiction had [the plaintiff] initially filed it there." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998); *see also* Mot. ¶ 15, ECF No. 5; Resp. ¶¶ 15–18, ECF No. 7.

The Court reminds Plaintiff's counsel of his obligation to investigate the law underlying his claims. Fed. R. Civ. Proc. 11(b)(2). Further, it warns counsel that the continued submission of frivolous pleadings may result in sanctions, which may include attorney's fees. Fed. R. Civ. Proc. 11(c); *see also Marceaux*, 614 Fed. Appx. at 709.

## CONCLUSION

Plaintiff's claims are very clearly based on questions of federal law, and thus removal of the case is proper. The Court finds no merit in Plaintiff's Motion and will deny it.

The Court also now warns counsel for Plaintiff that failure to investigate the law underlying his claims may result in sanctions.

**IT IS HEREBY ORDERED** that the Plaintiff Eduardo Holguin's "Motion to Remand," ECF No. 5, is **DENIED**.

**IT IS FURTHER ORDERED** that **on or before** _MAY 7_, 2021, Plaintiff Eduardo Holguin **RESPOND** to Defendants Ysleta del Sur Pueblo, Tigua Tribal Police Department, Erika Avila, Raul Candelaria, and Officers John and Jane Doe's "Motion to Dismiss Plaintiff's Original Petition" or **SHOW CAUSE** why the Court should not dismiss the case.

**SIGNED** this _23_ day of **April 2021**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE